Arash Yasrebi
Yasrebi Law
One Sansome Street, Suite 3500
San Francisco, CA 94104
Tel: (415) 819-1898
Email: arash@yasrebilaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| Agusto RAMOS MENDOZA,<br><br>                    Petitioner,<br><br>        v.<br><br>Todd LYONS, Acting Director, Immigration and Customs Enforcement; Sergio ALBARRAN, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Executive Office for Immigration Review; Minga WOFFORD, Facility Administrator of Mesa Verde ICE Processing Center,<br><br>                    Respondents. | Case No.<br><br>1:25-cv-01650-DC-SCR<br><br>**PETITIONER'S EX-PARTE MOTION FOR PRELIMINARY INJUNCTION**<br><br>**PETITIONER'S DHS NUMBER:**<br><br>A201-012-259 |

INTRODUCTORY STATEMENT

Petitioner has been detained by ICE for more than 180 days without a lawful basis for continued confinement and without a meaningful opportunity to be heard, notwithstanding his prior long-term compliance on an order of supervision and the absence of any showing that he is a danger or a flight risk. Petitioner is currently detained by ICE at the Mesa Verde ICE Processing Facility in Bakersfield, California. ICE re-detained Petitioner on or about November 24, 2025, and has held him continuously since then. As of the filing of the First Amended Petition on June 5, 2026, Petitioner's detention exceeded 180 days. An Immigration Judge granted Petitioner withholding of removal to Guatemala on October 24, 2012. ICE thereafter released him on an order of supervision issued on November 20, 2012, with which he complied Respondents have not provided lawful justification for his re-detention or for his continued confinement. Immediate injunctive relief is warranted because Petitioner is likely to succeed on his due process challenges to prolonged detention, he suffers irreparable harm each day he remains confined, and the equities and public interest strongly favor his release.

MEMORANDUM OF POINTS AND AUTHORITIES

I. JURISDICTION AND VENUE

This Court has subject-matter jurisdiction over this habeas action and authority to issue injunctive relief. Petitioner is in the physical custody of Respondents at the Mesa Verde ICE Processing Facility in Bakersfield, California. Jurisdiction is asserted under 28 U.S.C. § 2241, the Suspension Clause, and 28 U.S.C. § 1331. Venue lies in the Eastern District of California because Petitioner is detained within this District and is asserted under 28 U.S.C. § 1391(e).

II. RELEVANT BACKGROUND AND PROCEDURAL POSTURE

1

A. Petitioner's History, Withholding Grant, and Supervision

Petitioner is a native and citizen of Guatemala who has resided in the United States since approximately February 8, 2011. An Immigration Judge granted Petitioner withholding of removal to Guatemala on October 24, 2012. ICE issued an order of supervision on November 20, 2012 and released Petitioner, and he complied with all conditions, including periodic check-ins  .

B. Re-Detention Without Notice; Ongoing Prolonged Detention

On or about November 24, 2025, while Petitioner was traveling domestically, ICE arrested him and transferred him to the Mesa Verde facility, despite his valid and active order of supervision. Since that arrest, Petitioner has been detained continuously and, as of June 5, 2026, his detention has exceeded 180 days. Respondents have not provided notice of revocation of supervision or an opportunity for Petitioner to be heard concerning his re-detention.

C. Status of Proceedings and Barriers to Removal

An individual hearing in Petitioner's removal proceedings set for June 30, 2026, was cancelled, and no future immigration hearings are currently calendared. Upon information and belief, ICE is attempting to remove Petitioner to Mexico, and he has not been afforded a meaningful opportunity to present a fear of removal to a third country before an asylum officer or Immigration Judge.

III. LEGAL STANDARD FOR PRELIMINARY INJUNCTION

A preliminary injunction may issue where the movant shows: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) the balance of equities tips in the movant's favor; and (4) an injunction is in the public interest. A court may also grant relief under a serious-questions/sliding-scale approach where the remaining factors strongly favor relief.

IV. ARGUMENT

A. Petitioner Is Likely to Succeed on the Merits of His Due Process Challenge to Prolonged Detention

Petitioner has been detained for more than 180 days. He previously was found suitable for supervised release and complied with all conditions over years. Respondents re-detained Petitioner without notice of revocation or a meaningful opportunity to be heard, and they have not provided lawful justification for his continued confinement. Detention of this length, in the absence of an imminent removal or adequate process, is punitive in effect and violates substantive and procedural due process. The cancellation of Petitioner's immigration hearing and the absence of any calendared proceedings underscore that removal is not reasonably foreseeable and that detention has become unreasonably prolonged. Petitioner's June 30, 2026 hearing was cancelled, and no future hearings are scheduled.

B. Petitioner Faces Irreparable Harm Absent an Injunction

Prolonged civil detention inflicts concrete, non-compensable harms to liberty, family integrity, and physical and mental health; monetary damages cannot remedy ongoing unlawful confinement. Petitioner remains detained at Mesa Verde and is deprived of his liberty each day his confinement continues.

C. The Balance of Equities Tips Sharply in Petitioner's Favor

The government has not identified any specific, articulable risk that Petitioner poses that could not be addressed through less restrictive alternatives given his long history of compliance on supervision. ICE released Petitioner on supervision in 2012, and he complied with all conditions thereafter. On this record, the hardship to Petitioner's liberty far outweighs any speculative administrative burden associated with returning him to supervised release.

3

D. The Public Interest Supports Immediate Release

The public interest is served by ensuring that civil detention comports with due process and by conserving detention resources for cases where the government can meet its burden. Prompt enforcement of constitutional guarantees in immigration detention advances the integrity of the system and community safety through tailored, non-punitive supervision where appropriate.

V. REQUESTED RELIEF

Petitioner respectfully requests that the Court grant the Motion and enter the following relief:

Immediate release. Order Respondents to release Petitioner from ICE custody forthwith under reasonable conditions of supervision to be set by the Court or Respondents; or

Alternative bond hearing. In the alternative, order that within [7] days Respondents provide Petitioner a constitutionally adequate custody hearing before a neutral decisionmaker at which (a) the government bears the burden of proof by clear and convincing evidence to establish danger or flight risk; (b) non-punitive alternatives to detention are considered; and (c) a reasoned decision is issued on the record; and

Ancillary protections. Maintain the status quo by enjoining Respondents from removing or transferring Petitioner outside this Court's jurisdiction pending resolution of this habeas action; require advance notice to Petitioner's counsel and the Court of any intent to transfer; and enjoin removal to any third country absent meaningful notice and opportunity to present fear-based claims and seek review, consistent with due process.

4

Respectfully submitted,

June 11, 2026

/s/ Arash Yasrebi
Arash Yasrebi